Maa, w., and Manuhii *v.* Leiau, w., Administratrix Estate Kalua, k.

---

## SUPREME COURT—IN BANCO.

### JULY TERM—1879.

*Harris, C. J., Judd and McCully, J.J.*

---

MAA, W., AND MANUHII, HER HUSBAND, *vs.* LEIAU, W., ADMINISTRATRIX OF THE ESTATE OF KALUA, K.

---

ON APPEAL FROM INTERMEDIARY COURT OF OAHU ON POINT OF LAW.

MONEY LOANED by a married woman during coverture, cannot be recovered in an action by the widow after the husband's death.

The debt not being in law due the widow, it is not revived to her by a promise to pay it.

Opinion of the Court by McCULLY, J.

Maa, w., and Manuhii *v.* Leiau, w., Administratrix Estate Kalua, k.

This appeal from the Intermediary Court of Oahu to the Court in Banco presents the following case.   In the year 1858 the plaintiff Maa, being then the wife of one Kekai, since deceased, loaned Kalua, whose estate is represented by defendant, $75, of money which she considered her own property, as it was in her own possession.  We are not informed of the origin of this money, whether by gift or her earnings, but it is not claimed that she acquired or held it or made the loan under the provisions of the law found in Sections 1292 and 1298 of the Civil Code, by which a married woman, whose husband has left the Kingdom without making sufficient provision for her maintenance, may be empowered to make contracts, sue and be sued, as if she were a *feme sole.* The debt remained, without payment of interest, but was revived by Kalua's promise to pay it made in November, 1878.   The first question for adjudication is whether this is a debt due Maa during coverture, that is a *chose in action* belonging to her, never reduced into possession by her husband, and surviving to her, or whether Maa's money was the money of her husband, and the right of action belonged to him and after his death to his executor or administrator, until barred by Statute of Limitations.

Our statute fixing the rights of husband and wife in property is Section 1286 of the Civil Code, which provides *inter alia* that "The husband shall in virtue of his marriage and in consideration of the responsibilities imposed on him by law be the virtual owner, except otherwise stipulated by express marriage contract, of all movable property belonging to his wife anterior to marriage and of all movable property accruing to her after marriage, over all which movable property he shall, unless otherwise stipulated by contract, have absolute control for the purposes of sale or otherwise, and the same shall be equally liable with his own for his private debts."  This clause is quoted in Hasslocher *vs.* Executors of Robinson, 3d

Maa, w., and Manuhii v. Leiau, w., Administratrix Estate Kalua, k.

Haw. Rep., 805, with the observation, "This enactment is the common law on this subject." The common law authorities will therefore control the point.

Blackstone (Com. II, 435), after stating the law with regard to *chattels real* and *choses in action*, says, "but as to chattels *personal (or choses) in possession*, which the wife hath in her own right, as *ready money*, jewels, household goods and the like, the husband hath therein an immediate and absolute property devolved to him by the marriage, not only potentially but in fact which can never again revest in the wife or her representatives." In Chase vs. Palmer, reported in 25 Maine, 341, the wife received in money her distributive share of her grandmother's estate, it was paid to her directly, was never in the hands of her husband, but at her instance and with the assent of her husband, her brother purchased and held in trust for her, a subsisting first mortgage on their own homestead. It was held by the Court that this mortgage had in effect been discharged by the funds of the husband, that is, by the wife's money.

In Com. vs. Manly et al., 12 Pick., 173, the Administrator gave a married woman a promissory note for the amount of her share of her father's estate, made payable to a third party and by him endorsed to her, in order that she might have the same for her own use notwithstanding her coverture. In an indictment for conspiracy against the defendant for obtaining possession of her property, to wit, this note, the Court instructed the jury that a note given to a *feme covert* for her separate use was legally her property until reduced to possession by her husband. On exception to this charge the Court, Morton, J., held that the consideration of the note was the property of the husband and that of course the note itself must be his, for he could not be divested of property or his rights by any acts of his wife or others without his authority or consent. That the moment the note was endorsed to the

wife it became the property of the husband and he alone
could collect, discharge or transfer it.   In the same case the
Court says, "So even the earnings of the wife so entirely be-
long to the husband, that he only can give a discharge for
them and must sue for them in his own name without joining
his wife."

In Oliver's Precedents, page 65, it is laid down that a
declaration for money "lent by husband and wife" after mar-
riage will be bad, and judgment will be arrested for that cause
after verdict; the declaration is false, because she can have no
money after marriage, and the conclusion to their damage
"vitiates the action."

See also Russell *vs.* Brooks, 7 Pick., 65; Keith *vs.* Woomb-
well, 8 Pick., 211; Jordan *vs.* Jordan, 52 Me., 330; Carleton
*vs.* Hale, 10 Pick., 428; Savage *vs.* King, 17 Me., 301; Ames
*vs.* Chew, 5 Met., 320; Hinman *vs.* Parkes, 33 Conn., 188;
Burligh *vs.* Foster, 119.

The foregoing authorities are all in harmony with the doc-
trine of Blackstone that *choses in action* of the wife, not re-
duced to possession of the husband during coverture belong to
the wife.   This Court, in Hasslocher *vs.* Executors of James
Robinson, held that the husband could not be compelled to
exercise his marital rights of reducing the wife's *choses in
action* to possession for the purpose of subjecting them to the
claims of creditors.   The argument of plaintiff's counsel based
on this case was on the assumption that when the wife had
loaned her money the *chose in action* was hers, but it must fol-
low from the above cited cases that this money was in posses-
sion of the husband when it was in the hands of Maa, his
wife, and that the loan was made by her as her husband's
representative and became a debt due him, and not her, and
she could not even have been joined with him in an action to
recover it.

The debt not being in law due the widow, is not revived to her by a promise to pay it.

Judgment for defendant.

Castle & Hatch for plaintiff.

A. S. Hartwell for defendant.

Honolulu, October 15, 1879.